IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLEON ELROY DILLARD, SR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00227 |
| v. | ) | **MEMORANDUM OPINION** |
| MRS. STANLEY, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Cleon Elroy Dillard, Sr., a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Mrs. Stanley. Dillard seeks leave to proceed *in forma pauperis* with this action. Having reviewed Dillard's amended complaint and financial documents, the court grants his request to proceed *in forma pauperis* but concludes that Dillard fails to state a cognizable federal claim against the named defendant. Therefore, the court will dismiss Dillard's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dillard alleges that on March 13, 2021, a nurse gave him another inmate's medication and, consequently, he was "poison[ed] by unspecified drugs." Dillard was subsequently taken to the hospital for treatment. Dillard claims that he "thought [he] was going to die." Mrs. Stanley's name does not appear anywhere in Dillard's amended complaint or attachments, other than the in the caption of the case.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). To state a cognizable Eighth Amendment claim for

denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Despite being given the opportunity to amend his complaint, Dillard has not alleged sufficient facts for the court to determine that defendant Mrs. Stanley was deliberately indifferent to any serious medical need. In fact, Dillard fails to allege any fact against Mrs. Stanley. Therefore, Dillard has failed to state a cognizable claim against Mrs. Stanley.

For these reasons, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The clerk is directed to send copies of this Memorandum Opinion and accompanying Order to Dillard.

**ENTERED** this 3rd day of May, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE